UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT ALAN KEMP - D/B/A NEVADA CENTRAL RAILROAD,

Plaintiff,

v.

STATE OF NEVADA, et al.,

Defendants.

3:09-cv-00529-RCJ-RAM

**ORDER**

Currently before the Court are the following motions: Defendant Union Pacific Railroad's Motion to Dismiss (#16), Defendants City of Los Angeles and Los Angeles Department of Water and Power's Motion to Dismiss (#20), Defendant State of Nevada's Motion to Dismiss (#25) and Defendants Senator Harry Reid, Senator John Ensign, former United States District Court Judge Brian E. Sandoval, and their "Jane Doe" spouses' Motion to Dismiss (#59).

Plaintiff did not file an opposition to any of the foregoing motions but filed several motions to extend time and a motion to strike: Plaintiff's Motion to Extend Time (#47), Plaintiff's Motion to Extend Time (#48), Plaintiff's Motion to Extend Time (#49), Plaintiff's Motion to Strike (#50), Plaintiff's Second Motion to Extend Time (#56), Plaintiff's Second Motion to Extend Time (#58), Plaintiff's Third Motion to Extend Time (#62), Plaintiff's Third Motion to Extend Time (#63), Plaintiff's Fourth Motion to Extend Time (#65), and Plaintiff's Fourth Motion to Extend Time (#66).

The Court heard oral argument on the foregoing motions on October 18, 2010.

As will be discussed in the following, Plaintiff has not provided an adequate excuse for

his failure to file a timely opposition and Plaintiff's complaint is incomprehensible. Thus, the Court grants the motions to dismiss and dismisses Plaintiff's complaint with prejudice.

## BACKGROUND

On September 11, 2009, Plaintiff, acting pro se, filed a complaint with this Court against Defendants. (Compl. (#1)). Plaintiff alleged causes of action for violation of Article VI of the U.S. Constitution, racketeering, civil conspiracy, fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with contract. (*Id.*). On January 27, 2010, Magistrate Judge Cooke granted Plaintiff's motion to extend his time to effect service until May 10, 2010. (Min. Order (#5)). On May 26, 2010, Magistrate Judge Cooke granted Plaintiff's motion to extend his time to effect service until June 23, 2010 and noted that "[n]o further extensions of time shall be granted for any reason." (Min. Order (#9)).

On July 13, 2010, Defendant Union Pacific Railroad Co. ("UP") moved to dismiss the complaint or require a more definite statement.[1] (Def.'s Mot. to Dismiss (#16)). The following day, the Court entered a *Klingele* minute order notifying the Plaintiff that a dispositive motion has been filed against him and informing him that he has fourteen days from July 13, 2010 to respond to it. (Min. Order (#18)).

Also on July 14, 2010, Defendants City of Los Angeles and Los Angeles Department of Water and Power (the "LA Defendants") moved to dismiss the complaint for lack of jurisdiction.[2] (Defs.' Mot. to Dismiss (#20)). The following day, the Court entered a *Klingele* minute order notifying the Plaintiff that a dispositive motion has been filed against him and informing him that he has fourteen days from July 15, 2010 to respond to it. (Min. Order (#24)).

---

[1] The LA Defendants join UP's motion to dismiss., (Joinder (#21)), as do Defendants City of Ely, White Pine County, White Pine Historical Railroad Foundation, Richard Sears, Gary Fairman, Robert Miller, John Gianoli, Christopher Burger, (Joinder (#23)), General Electric Co., (Joinder (#31)), V & C Railway LLC, (Joinder (#32)), and the State of Nevada, (Joinder (#43)).

[2] Defendants City of Ely, White Pine County, White Pine Historical Railroad Foundation, Richard Sears, Gary Fairman, Robert Miller, John Gianoli, and Christopher Burger join the LA Defendants' motion to dismiss for lack of jurisdiction, (Joinder (#23)), as do Defendant General Electric Co., (Joinder (#31)), V & C Railway LLC, (Joinder (#32)), UP, (Joinder (#38)), and the State of Nevada, (Joinder (#43)).

On July 15, 2010, Defendant State of Nevada moved to dismiss the complaint. (Def.'s Mot. to Dismiss (#25)).³ The following day, the Court entered a *Klingele* minute order notifying the Plaintiff that a dispositive motion has been filed against him and informing him that he has fourteen days from July 16, 2010 to respond to it. (Min. Order (#26)).

Plaintiff had until July 27, 2010, to respond to the first motion to dismiss, July 29, 2010, to respond to the second motion to dismiss, and July 30, 2010, to respond to the third motion to dismiss. *See* Fed. R. Civ. P. 6(a). On July 30, 2010, UP filed a notice informing the Court that Plaintiff had not filed a timely response to its motion to dismiss. (Notice (#42)).

On August 4, 2010, Plaintiff moved for an extension of time to file his responses to the motions to dismiss. He asked the Court to give him until August 13, 2010. (Pl.'s Mot. for Extension (#47)). He also moved for an extension of time to perfect service upon the State of Nevada, (Pl.'s Mot. for Extension (#48)), and for an extension of time to respond to the Court's minute order scheduling oral argument, (Pl.'s Mot. for Extension (#49)). On August 11, 2010, Plaintiff moved to strike UP's notice of his failure to timely file a response. (Pl.'s Mot. to Strike (#50)). UP and the State of Nevada filed oppositions to the motion for an extension of time to file a response to the motions to dismiss, (Def.'s Opp'n (#52); Def.'s Opp'n (#54)), and UP filed an opposition to the motion to strike, (Def.'s Opp'n (#53)).

August 4, 2010, came and went and Plaintiff had yet to file oppositions. Instead, on August 18, 2010, Plaintiff moved for another extension of time to file his oppositions to the motions to dismiss. This time, he asked the Court to give him until August 20, 2010. (Pl.'s Mot. for Extension (#56)). He also filed another motion for an extension of time to respond to the Court's minute order scheduling oral argument. (Pl.'s Mot. for Extension (#58)).

August 20, 2010, came and went without Plaintiff filing his oppositions. On September 7, 2010, Plaintiff again moved for and extension of time to file his oppositions to the motions to dismiss, asking the Court to give him until September 13, 2010, to file his oppositions. (Pl.'s Mot. for Extension (#62)). He also filed another motion for an extension of time to respond to

---

³ Defendant General Electric Co. joins the State of Nevada's motion to dismiss, (Joinder (#31)), as do V & C Railway LLC, (Joinder (#32)), and UP, (Joinder (#37)).

3

the Court's minute order scheduling oral argument. (Pl.'s Mot. for Extension (#63)).

September 13, 2010, came and went without Plaintiff filing his oppositions. On September 16, 2010, Plaintiff again moved for and extension of time to file his oppositions to the motions to dismiss, asking the Court to give him until September 18, 2010, to file his oppositions. (Pl.'s Mot. for Extension (#65)). He also filed another motion for an extension of time to respond to the Court's minute order scheduling oral argument. (Pl.'s Mot. for Extension (#66)).

At oral argument, Plaintiff had still not filed any oppositions to the motions to dismiss.

## DISCUSSION

### A. Plaintiff's motions for extension of time to file oppositions to the motions to dismiss.

The Court denies Plaintiff's motions for extension of time to file oppositions to the motions to dismiss on that grounds that they are moot and without merit.

First, the Court finds that Plaintiff's motions for extension of time are now moot because Plaintiff failed to file a timely opposition—or any opposition at all—to the motions to dismiss under his proposed deadlines. As such, because the proposed deadlines have come and gone, Plaintiff's motions are moot.

However, even looking to the merits, the Court denies the motions. Plaintiff filed his first motion to extend his time to file oppositions to the motions to dismiss after the deadlines had already passed. The Court may extend time to file after the deadline has expired because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).[4]

In his first motion for extension of time, Plaintiff asserted that no prejudice would result and stated that he had a meeting scheduled with the Public Liaison Officer of the Surface Transportation Board in Washington, D.C., in the coming week and planned to access the U.S. Railroad Library Federal Railroad Archives to confirm case law and evidence. (Pl.'s Mot. for Extension (#47) 2:13–25, 3:20–26). Plaintiff also referenced

---

[4] "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

4

related state, Ninth Circuit, and Surface Transportation Board proceedings. (*Id.* at 3:26–4:16). It is not clear how this meeting and research would advance Plaintiff's opposition. Nor has Plaintiff given any reason why he could not have moved for an extension before the deadline passed if he knew he had to schedule this meeting and gain access to these archives. Plaintiff has not shown excusable neglect. Therefore, the Court denies his first motion for extension.

In his second motion for extension of time, Plaintiff references delay in his return from Washington, D.C., to Nevada, and his recent completion of the meeting with the Public Liaison Officer of the Surface Transportation Board. (Pl.'s Mot. for Extension (#56) 2:25–3:8). Plaintiff again referenced related state, Ninth Circuit, and Surface Transportation Board proceedings and asserted that no prejudice would result from the requested extension. (*Id.* at 2:12–24, 3:9–25). Even assuming Plaintiff's first requested extension should have been granted, his second request asserts no excusable neglect.

In his third motion, Plaintiff adds an assertion that he has been in an automobile accident and suffered critical injuries and has upcoming surgery scheduled. (Pl.'s Mot. for Extension (#62) 2:26–3:6). In his fourth motion, he reiterates the above and also references alleged economic espionage by Defendants that he has had to work to stop, making him unable to complete his oppositions. (Pl.'s Mot. for Extension (#65) 2:12–28, 3:11–15). Plaintiff's alleged accident, injuries, and surgery might have provided a basis for the Court to find excusable neglect, but Plaintiff did not assert this basis until September 7, 2010, over a month after his oppositions were due. Therefore, even on the merits, the Court denies Plaintiff's motions for extensions of time to file oppositions to the motions to dismiss.

B.  **Plaintiff's motions for extension of time to respond to the Court's minute order scheduling oral argument.**

Plaintiff moved four times for an extension of time to file a response to the Court's minute order and for permission to file admissible evidence to support his oral argument. Plaintiff need not and may not file a response to this Court's minute order. Discovery has

not yet occurred and no evidence is needed to decide the motions to dismiss. Furthermore, any evidence Plaintiff wishes to rely on should be filed along with his opposition briefs. Therefore, the Court denies Plaintiff's motions for extension of time to respond to the Court's minute order scheduling oral argument.

### C. Plaintiff's motion to strike.

Plaintiff moves to strike Defendant Union Pacific's ("UP") notice of non-opposition to its motion to dismiss. Plaintiff argues that UP somehow acted in the wrong by filing its notice on July 30, 2010, when Plaintiff had sent his motion for extension of time to the clerk on July 29, 2010, even though the clerk did not file the motion until August 4, 2010. (Pl.'s Mot. to Strike (#50)). Plaintiff contends that UP's notice was false. UP's notice accurately stated that Plaintiff had not filed a timely opposition. Plaintiff has still filed no opposition. There is no reason to strike UP's notice. The Court denies Plaintiff's motion to strike.

### D. Motions to dismiss.

#### 1. The Court grants the motions to dismiss under Local Rule 7-2 because Plaintiff failed to file an opposition.

"The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Local Rule 7-2(d). The "[f]ailure to follow a district court's local rules is a proper grounds for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995). Although Plaintiff's failure to file an opposition constitutes a consent to the granting of the motion, before dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).[5]

---

[5] This five-factor analysis appears inappropriate to unopposed motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This is probably because it was first adopted for determining whether a sua sponte dismissal was appropriate for failure to prosecute under Rule 41(b). *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Ash v. Cvetkov*, 739 F.2d

6

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage its docket in this case is manifest. Plaintiff has already flooded the docket with numerous duplicative motions. Defendants will suffer no prejudice by dismissal. Finally, no lesser sanctions are appropriate in this case. As will be discussed in the foregoing, Plaintiff's complaint is inadequate and Plaintiff seems unable to defend it. Dismissal will best advance this case towards a resolution. Therefore, the Court dismisses Plaintiff's complaint under Local Rule 7-2 for failure to file an opposition.

### 2. Alternatively, the Court grants the motions to dismiss because the complaint is unintelligible.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the pleading sounds in fraud, the complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

A court must dismiss a cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979,

---

493, 496 (9th Cir. 1984). The Ninth Circuit in *Ghazali*, stated that the five-factor analysis also applied to unopposed motions to dismiss under 12(b)(6), but did not actually apply the factors in that case. Instead, it conducted an independent review for abuse of discretion. 46 F.3d at 53. But, many courts have since followed *Ghazali*'s precedent in claiming to apply the five-factor test to unopposed motions to dismiss. *See, e.g., Wystrach v. Ciachurski*, 267 F. App'x 606, 608 (9th Cir. 2008).

```
```
988 (9th Cir. 2001).

Defendants argue that Plaintiff's complaint is vague, ambiguous, confusing, and unintelligible and contains only labels and occlusions. The Court agrees. After reading the complaint, the Court is unable to determine what wrongful or unlawful conduct Plaintiff alleges against these Defendants. In addition, Plaintiff was unable to assert any unlawful conduct during oral argument Therefore, Plaintiff's complaint is dismissed.

The Defendants raise many other arguments for dismissal. Although these grounds appear to be meritorious, the Court will not address those arguments because the complaint is dismissed for failure to state a claim.

Moreover, the Court finds that amendment is not appropriate in this matter. Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988). Here, based on the allegations in the Complaint and Plaintiff's statements during oral argument, it is clear that the deficiencies in the complaint could not be cured by amendment.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Dismiss (#16) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#20) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (#25) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (#59) is GRANTED.

IT IS FURTHER ORDERED that the following motions filed by Plaintiff are DENIED: (#47), (#48), (#49), (#50), (#56), (#58), (#62), (#63), (#65), and (#66).

The Clerk of the Court shall enter Judgment accordingly.

Dated: This 29th day of November, 2010.

_R. James_
District Court Judge

Case 3:09-cv-00529-RCJ-RAM   Document 97   Filed 11/29/10   Page 8 of 9